WILLIAM GEISSE et al., Appellees,

*vs.*

.SAMUEL W. BEALL et als., Appellants.

APPEAL FROM AN ORDER OF THE FOND DU LAO CIRCUIT COURT.

An attachment for contempt should be issued, or withheld, by the direct order of the court, not contingent, and dependent upon the certificate of a court commissioner.

The Supreme Court may make an original decree in a cause having come before it by appeal.

A defendant, a trustee, is bound to take notice of the qualification and giving bond of a receiver, to whom he has been decreed to give up the trust fund, upon such qualification, without the service of a special notice thereof.

ON the 19th of January, 1854, in a certain cause then pending in and before the Supreme Court, between Herman C. Geisse et al., complainants, and Samuel W. Beall et als., defendants, a decree was rendered by said court, finding and decreeing, among other things, that the said "Samuel W. Beall, the trustee named in the deed of assignment set forth in the complainant's bill, had been guilty of improvident management, and fraudulent appropriation of the trust property and funds assigned to him by said deed, and unjustifiedly neglected and refused to render and exhibit a full and correct account of his doings in the premises, and is, moreover, of not sufficient responsibility; it is hereby ordered and decreed that he be removed as such trustee."

And it was further ordered that Selim Newton of Fond du Lac county, be appointed receiver of all the assigned property of the defendant Charles Geisse, and, upon giving security, as specified in said decree, that said Samuel W. Beall should appear before said receiver, and assign, transfer and deliver over to said receiver, on oath, all the said assigned property, equitable interests, things in action, and effects assigned to said Samuel W. Beall, and all the proceeds and avails thereof, and all books, and papers, and vouchers relating thereto, whether in his own hands and possession, or in the hands and possession of any of his

agents, clerks, solicitors and attorneys; and that he appear before such receiver and produce such books, papers and vouchers, and submit to such examination as the said receiver shall direct in relation to any matter which he might have been legally required to disclose, if he had answered the bill of complaint in the cause in the usual manner. And it was further ordered that said receiver be at liberty to apply to the Circuit Court of Fond du Lac county, for such further directions in the premises as may be necessary.

And in and by said decree, D. Everett Hoskins was appointed a special court commissioner, to take and state an account of all the trust property, equitable interests, things in action and effects assigned by the said Charles Geisse to the said Beall as trustee; and the said Beall was also ordered and required to furnish said special court commissioner, within twenty days after service upon him of a copy of said decree, a full and true account and inventory of all said property and estate, and the proceeds thereof, with the names of all persons to whom sales have been made, and the amounts and particulars thereof; and said special commissioner was also authorized and required to examine the said Beall, on oath, upon verbal or written interrogatories, concerning said assigned trust property, and his disposition thereof, and the proceeds and avails thereof; and that said commissioner render said account and return to the next term of the Circuit Court of Fond du Lac county, to which that cause was remanded, with directions to proceed therein according to the opinion and decree of this court.

At the April term, A. D. 1855, of the Circuit Court of Fond du Lac county, the complainants made an application to that court, sitting as a court of chancery, for an attachment as for a contempt, against said defendant Beall, based upon the said decree of the Supreme Court, and the affidavit of the said Selim Newton, the receiver mentioned in said decree; which affidavit was to the effect following, that is to say:

That on the first day of March last past (1855), said deponent filed his bond and entered upon his duties as receiver, in pursuance of the decree aforesaid, and served a copy of said decree

upon the said Samuel W. Beall, and upon his solicitors, Gillett and Truesdell; that afterwards he called upon, and demanded of, said Beall, any and all property, money and effects which he had in his hands belonging to the trust estate, and of which this deponent had been appointed receiver; and that said Beall absolutely refused to deliver or pay over anything to deponent, and also refused to give, state or render any account of his trust, as required in and by said decree; but told deponent he was ready to answer any and all questions deponent might put to him. Deponent thereupon proposed that he should then be sworn and examined by deponent, but said Beall declined, because, he said, he was then in a hurry, and said he would meet deponent at any other time at the office of Robert Flint, in the city of Fond du Lac, and be examined. The said Beall then agreed to meet deponent at the place aforesaid, on the 27th day of March, at 11 o'clock A. M.; and deponent did appear at the time and place last aforesaid, and waited a long time for said Beall, but he did not appear at all.

And that deponent again, on the 13th day of April, went to said Beall, and demanded of him all the trust property and effects, or the proceeds thereof, which by said decree he was required to deliver to deponent as such receiver, and that said Beall again absolutely refused to give, deliver, or pay over anything to deponent, and also refused to render, state, or make any account thereof, whatever, except he said, verbally, that he had disposed of everything, and used up and disposed of the proceeds; that he had paid $900, or thereabouts, to his counsel in the suit; that he had no books and papers to make an account from; and that the last of the trust property he had sold last summer, in a lump, to John C. Truesdell, for about $1,000; that he needed the money, and was obliged to sell, and could give no particulars about it.

Deponent further says, that said Beall did not, within twenty days after service of a copy of said decree upon him, or at any other time, furnish to D. Everett Hoskins, the special court commissioner appointed in said decree, an account and inventory of all assigned property, effects, &c., assigned to him by Charles

Geisse, and a particular account and statement of his disposition thereof, as required by said decree: and said Beall has stated to deponent that he had not furnished any account or statement to said Hoskins, and would not, and could not make or state any account to him, &c.

Notice of the application having been given to said defendant, the same came on to be heard before said court, upon said decree, the affidavit of said Newton, and also the affidavit of said Beall; whereupon the Circuit Court made the following order, after reciting the contemptuous acts of said Beall, in neglecting and refusing to deliver up said trust property and to render an account and statement therefor, and of the proceeds and avails: "That said Beall do speedily and without delay, perform and abide by, and yield obedience fully to, said decree in all respects, as therein required, and especially that said Beall do within twenty days after the date of this order, appear before the said receiver, Selim Newton, and assign, transfer and deliver over to said receiver, on oath, all the said assigned property, equitable interests, things in action, and effects assigned to him, and all the proceeds and avails thereof, and all the books, papers and vouchers relating thereto, whether in his own hands and possession, or in the hands and possession of his clerks, agents, solicitors, or attorneys.

"And also said Beall is hereby especially ordered within the twenty last aforesaid, to furnish and deliver to D. Everett Hoskins, the special court commissioner named in the decree of the Supreme Court aforesaid, a full and true account and inventory of all the assigned property," &c., "and a particular account and statement of his disposition thereof, and the proceeds and avails thereof, giving the names of all persons to whom sales have been made, &c.

"And it is further hereby made the special order of this court, that immediately upon the expiration of the twenty days aforesaid, the time limited for said order to be performed as aforesaid, an attachment as for contempt, returnable at the next regular term of this court, be issued by the clerk of this court, against the said Samuel W. Beall, and that he be not discharged there-

from except upon the special order of this court; provided that if the said Beall shall fully comply with and perform said orders, and the said special court commissioner shall, within the time above limited for the performance thereof, certify under his hand that said Beall has performed and complied with the orders as he is required, within said twenty days, then and upon such certificate being filed in the office of the clerk of this court, the attachment shall not be issued by the clerk as above ordered.

" And this court doth further hereby order and decree that· James M. Gillett, one of the solicitors of said Beall, do,· and he is hereby ordered to deliver over to said receiver a certain note and mortgage in his hands for about the sum of $789.87, executed by one Jacob Avery to Samuel W. Beall, assignee of Charles Geisse, and that said Gillett make such delivery within three days from the date of this order.

" And this court does further order and decree that John C. Truesdell, also one of the solicitors in the above entitled cause, do within twenty days after the date hereof, appear before the said receiver, and assign, transfer and deliver over to him, all and singular the trust property and effects that shall have come into his hands or possession, or under his control since the commencement of this suit, and that he pay and deliver to said receiver·the proceeds and avails of all such property and effects as may have been disposed of in any manner by him; and that, within the time last afore mentioned, he also state and render a full and true account and inventory of all the property or effects that may have come into his hands and possession, or under his control, with a full description thereof, and the value thereof, the time when received, from whom, and to whom delivered, and for what consideration or account; and that said inventory and account be verified by his, said Truesdell's, oath."

From this order said defendant, Beall, and also said Truesdell, severally appealed.

*Edw. S. Bragg*, for appellants, made the following points:

1. The order of the Circuit Court is irregular in this, that no proof was made before said court that said receiver, Newton,

had qualified, as required by the decree, and had given notice of such qualification to defendant Beall, at the time of his demand ; nor that said special commissioner ; Hoskins, had accepted the trust, or given notice of his acceptance to Beall, or ever cited him to appear before him for examination.

2. Said order is also objectionable in this, that it vests judicial powers in the commissioner to pass upon the sufficiency of the accounting, instead of requiring him to report the accounting to the court, that the court may judge whether its order has been complied with or not.

The stay of the attachment does not depend upon the accounting by the defendant, but upon the caprice of the commissioner in filing or withholding his certificate.

3. The order is irregular, as based upon an original decree of the Supreme Court. That court is of an "appellate jurisdiction," and cannot make an original decree. *Const. of Wis. Art.* 7, § 3 ; 5 *S. C. R.* 90 ; *State vs. Blossom,* 1 *Wis.*

The decree should have been of affirmance, or reversal, and in that latter case, should have directed a decree in the Circuit Court.

*Charles A. Eldredge,* for appellees.

*By the Court,* SMITH, J. We do not think that the order of the court below, as to Beall, can be sustained. The issuing of the attachment is made to depend upon the act and judgment of the special commissioner, in filing his certificate, that the defendant had fully complied with the order of the court. Various circumstances might occur to render compliance impossible without the fault of Beall; and the commissioner might neglect or refuse to file the certificate. The court itself is the only proper judge of the fact of compliance. There are other objections to the order, but it is not necessary to notice them. An attachment for contempt should be issued or withheld, sustained, modified or set aside by the direct order of the court.

Order reversed, with costs.